NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TERRANCE DAMRAN BROOKTER, *Appellant.*

No. 1 CA-CR 15-0406
FILED 5-5-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-128983-001
The Honorable Brian D. Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christopher M. DeRose
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

**¶1**        Terrance Damran Brookter appeals his conviction and resulting sentence for aggravated driving under the influence (DUI). Brookter argues the superior court abused its discretion by admitting evidence of phencyclidine (PCP) in his blood. Because Brookter has not shown error, his conviction and resulting sentence are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        One day in June 2014, Brookter was stopped by a Phoenix police officer after making improper turns and driving in a slow and labored manner. After exhibiting six (out of six) cues of impairment using the Horizontal Gaze Nystagmus (HGN) test, Brookter was arrested for DUI. No drug recognition expert (DRE) investigation was performed. With his consent, Brookter's blood was drawn within an hour after he was stopped. Subsequent testing revealed a blood alcohol concentration of .125 and the presence of PCP in his system. The State indicted Brookter on two counts of aggravated DUI, alleging his license was revoked at the time of the offenses.[2]

**¶3**        Brookter unsuccessfully moved in limine to preclude any evidence regarding PCP. At trial, the State introduced evidence that Brookter's blood contained PCP, which could cause impairment. Brookter was found guilty of aggravated DUI, and was sentenced to 11 years in prison. This court has jurisdiction over Brookter's timely appeal pursuant

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

[2] Although Brookter was convicted on both counts, this appeal only concerns aggravated DUI while impaired to the slightest degree. *See* Ariz. Rev. Stat. § 28-1381(A)(1) (2016).

to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) §§ 12–120.21(A)(1), 13–4031, and –4033(A) (2016).[3]

## DISCUSSION

¶4      Brookter argues the superior court erred in admitting evidence of PCP in his blood, claiming that nothing showed that the PCP impaired his driving and that any minimally probative value of the evidence was substantially outweighed by a danger of unfair prejudice and jury confusion. *See* Ariz. R. Evid. 403. "Because the trial court is best situated to conduct the Rule 403 balance, [this court] will reverse its ruling only for abuse of discretion." *State v. Canez*, 202 Ariz. 133, 153 ¶ 61 (2002).

¶5      Brookter has not shown the evidence was irrelevant. *See* Ariz. R. Evid. 401. The State's witnesses testified to the varying signs or symptoms that a person might exhibit while under the influence of PCP. Witnesses testified that certain signs of impairment Brookter exhibited could likely be attributable to PCP use, not alcohol impairment. The witnesses also testified that the use of PCP and alcohol could enhance the impairment effects of both substances.

¶6      Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger . . . of unfair prejudice [or] confusing the jury." Ariz. R. Evid. 403. Brookter argues the probative value of the PCP evidence was substantially outweighed by the danger of unfair prejudice or jury confusion. He asserts that because the jury sought to ask three questions of witnesses discussing PCP, they were confused about the topic.[4] But because evidence regarding PCP use was relevant in assessing Brookter's driving, the fact of jury questions about PCP does not establish a basis for relief. Brookter has not shown the superior court erred in applying Rule 403 given these jury questions or otherwise.

¶7      Brookter also argues, without any supporting authority, that a DRE investigation must be done to establish impairment. But after observing Brookter making improper turns and driving in a slow and labored manner and once the HGN test was conducted and revealed the cues, the arresting officer had probable cause to arrest Brookter, meaning

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[4] The parties agreed that two of the jury questions were improper because they sought legal conclusions; they did not object to the third question.

that further impairment tests were unnecessary. *See State v. Superior Court (Blake)*, 149 Ariz. 269, 276 (1986).

**¶8**     Finally, Brookter argues that "there was no evidence that the PCP impaired [his] driving" and that "[n]o one could, or did, testify that [he] was impaired by the use of PCP." The superior court denied Brookter's motion for judgment of acquittal, finding sufficient evidence to support a conviction on both counts. *See* Ariz. R. Crim. P. 20. On appeal, Brookter argues the State's criminalist testified generally about how PCP, in combination with alcohol, can affect driving, but not that Brookter, specifically, was impaired. But that is the proper scope of expert testimony. *See* Ariz. R. Evid. 702. And on this record, the jury had substantial evidence from which to find that Brookter was impaired by the PCP in his system. Testimony from both the arresting officer and the criminalist, collectively, established a basis for finding that Brookter was impaired by "any combination of liquor [or] drugs." *See* A.R.S. 28-1381(A)(1). Accordingly, Brookter has failed to show the jury's verdict was not supported by substantial evidence.

## CONCLUSION

**¶9**     Because Brookter has shown no error, his conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4